IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FIKRI BAYRAMOGLU,

      Plaintiff,                     No. CIV S-10-0328 EFB P

     vs.

JAMES H. GOMEZ, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

      On January 4, 2011, the court found that plaintiff's complaint did not state a cognizable claim, and dismissed it with leave to amend within 30 days. On January 13, 2011, plaintiff submitted a document styled "Motion to appoint counsel and decline to file an amended complaint." Dckt. No. 11. In this document plaintiff recounts several past legal actions that he has filed. He states that he was assessed "15 months illegal SHU term" for accusations of which he is innocent, during which time he was severely abused by the staff and inmates; that the Board of Parole Hearings improperly denied him parole; that he sought the assistance of the

1

American Ambassador in Turkey to have him transferred to Turkey; that his letter from the Ambassador was opened; that he filed internal appeals and a court case regarding this opening, which was eventually denied in the U.S. Court of Appeals for the Ninth Circuit; that the Board of Parole Hearings again denied him parole or transfer to Turkey in October 2010 based on a "very grossly contaminated Central File."

Regarding this court's order to file a first amended complaint, plaintiff writes "This court erroneously requiring plaintiff to file 'First Amended Complaint.' Plaintiff respectfully disagrees because his 8th amd. Claim was granted by the Hon. Lawrence Karlton on April 10, 2000, and proved to this court that James Dirks' 'deliberate, intentional and malicious actions and omissions' that caused this court to dismissed his claim." Plaintiff states that attorney James Dirks has committed a crime, and that Dirks named an improper defendant "to my granted 8th Amd. Claim." He states that it is impossible for him to "with legal knowledge, with extremely structured environment, with extremely complicated civil rights violations" to file a first amended complaint.

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case, and denies his request for appointment of counsel.

Plaintiff declines to amend his complaint as directed by the earlier order, but this case cannot proceed unless plaintiff files a first amended complaint. Plaintiff will be given 30 more days to amend. Plaintiff must file a first amended complaint within 30 days, or this case will be dismissed without further leave to amend.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 14, 2011 motion for appointment of counsel is denied without prejudice; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of this order. Failure to do so will result in this action being dismissed.

DATED: April 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE