1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10    FIKRI BAYRAMOGLU,

11            Plaintiff,                    No. CIV S-10-0328 EFB P

12        vs.

13    JAMES H. GOMEZ, et. al.,

14            Defendant.              <u>ORDER</u>

15    _____/

16         Fikri Bayramoglu, an inmate confined at Chuckawalla Valley State Prison, filed this pro

17   se civil rights action under 42 U.S.C. § 1983.  On April 5, 2011, the court dismissed plaintiff's

18   complaint with leave to amend.  On April 22, 2011, plaintiff filed a first amended complaint.

19   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)

20   and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx.

21   A, at (k)(4).

22         Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in

23   which a prisoner seeks redress from a governmental entity or officer or employee of a

24   governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable

25   claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

26   malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

1

1  from a defendant who is immune from such relief." *Id.* § 1915A(b).

2       A district court must construe a pro se pleading "liberally" to determine if it states a

3  claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

4  opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

5  detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

6  action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct.

7  1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

8  must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

9  plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

10     A claim has facial plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is liable for the

11 misconduct alleged. The plausibility standard is not akin to a "probability
requirement," but it asks for more than a sheer possibility that a defendant has

12 acted unlawfully. Where a complaint pleads facts that are merely consistent with a
defendant's liability, it stops short of the line between possibility and plausibility

13 of entitlement to relief.

14 *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

15 framework of a complaint, they must be supported by factual allegations, and are not entitled to

16 the assumption of truth.  *Id.* at 1950.

17     The Civil Rights Act under which this action was filed provides:

18     Every person who, under color of [state law] . . . subjects, or causes to be
subjected, any citizen of the United States . . . to the deprivation of any rights,

19 privileges, or immunities secured by the Constitution . . . shall be liable to the
party injured in an action at law, suit in equity, or other proper proceeding for

20 redress . . . .

21 42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

22 establish the defendant's personal involvement in the constitutional deprivation or a causal

23 connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

24 *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

25 (9th Cir. 1978).

26 ////

1    The court has reviewed plaintiff's first amended complaint pursuant to 28 U.S.C.

2  § 1915A and finds it does not state a cognizable claim.  Plaintiff names a number of prison

3  officials as defendants.  *See* Dckt. No. 13 at 2-3 (naming as defendants the former director,

4  warden, and associate warden of CDCR, and CDCR correctional counselors).  Plaintiff alleges

5  that these individuals were responsible for him being falsely charged with a rules violation and

6  retained in the SHU at Corcoran State Prison in 1995.  *Id.* at 3-6.  Plaintiff's first amended

7  complaint also contains claims against an attorney, James Dirk, whom he claims violated the

8  rules of professional conduct and their fee agreement regarding a lawsuit filed in 1998 and

9  closed in 2000.  *Id.* at 5-7.

10    Plaintiff admits that he already filed civil rights lawsuits regarding at least some of these

11  claims.  *Id.* at 8.  In fact, plaintiff notes that one of his prior lawsuits regarding these claims was

12  dismissed with prejudice as time-barred.  *See* 1:03 cv 6332 AWI SMS, Dckt. No. 10 at 3-4

13  (recommending that the action be dismissed with prejudice on the ground that it was barred by

14  the statute of limitations as "plaintiff is complaining of events that occurred in 1994 and 1995.

15  However, plaintiff did not file this action until September 29, 2003.  It is clear from the face of

16  plaintiff's complaint that his claims based on events that happened at Corcoran in 1994 and 1995

17  are barred by the statute of limitations.").

18    Currently, there is a two year statute of limitations in California in § 1983 cases.  *See* Cal.

19  Civ. Proc. Code § 335.[1]  The last event mentioned in plaintiff's complaint–the dismissal of his

20  civil rights lawsuit against the correctional officers–occurred in 2000.  But he did not file this

21  lawsuit until 2010.  *See* Dckt. No. 1.  Plaintiff's claims are therefore facially time-barred.  Thus,

22  to proceed, if he can, plaintiff must file an amended complaint.

23  ////

24

25    [1] The statute of limitations is tolled for a period of two years for persons imprisoned for a
term less than life.  Cal. Civ. Proc. Code § 352.1.  Plaintiff alleges that he is serving a sentence
26  of 15 years to life.  Dckt. No. 13 at 8.

1    Plaintiff has also filed motions requesting that his first amended complaint be served on

2  the defendants.  *See* Dckt. No. 15, 16.  As plaintiff's first amended complaint is time-barred,

3  these motions are denied.

4    Accordingly, the court hereby ORDERS that:

5    1.  Plaintiff's motions for service of summons are denied without prejudice.  *See* Dckt.

6  Nos. 15, 16.

7    2.  Plaintiff's first amended complaint is dismissed with leave to amend within 30 days.

8  The amended complaint must bear the docket number assigned to this case and be titled "Second

9  Amended Complaint."  Failure to comply with this order will result in this action being

10  dismissed.  If plaintiff files an amended complaint stating a cognizable claim the court will

11  proceed with service of process by the United States Marshal.

12  Dated:   November 8, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4